UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERMAINE HILL, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-15737** |
| **JOE ALFORD, JR., et al.** | **SECTION: "G"(4)** |

## ORDER

Defendants Joe Alford, 3-Ts Trucking, LLC, and Hallmark Specialty Insurance Company (collectively, "Defendants") removed this action from the Civil District Court for the Parish of Orleans, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] On December 22, 2017, finding that the notice of removal lacked sufficient information to support subject matter jurisdiction, the Court ordered Defendants to submit summary-judgment-type evidence regarding the amount in controversy at the time of removal of this case.[2] On January 9, 2018, in response to the Court's order, Defendants filed a "Memorandum in Support of Diversity Jurisdiction."[3] Having considered the notice of removal, the "Memorandum in Support of Diversity Jurisdiction," and the applicable law, the Court finds that Defendants have not established that this Court has subject matter jurisdiction over this matter. Accordingly, this case is hereby remanded to the Civil District Court for the Parish of Orleans.

## I. Background

On October 30, 2017, Plaintiffs Jermaine Hill and Freddie Cosey filed a petition for

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

1

damages in the Civil District Court for the Parish of Orleans, Louisiana.[4] On December 8, 2017, Defendants jointly filed a notice of removal in this Court.[5]

In the Memorandum in Support of Diversity Jurisdiction, Defendants first argue that it is facially apparent from the petition for damages that Plaintiff Freddie Cosey's ("Plaintiff") claims exceed $75,000, based on the nature of Plaintiff's personal injuries and corresponding medical expenses, as well as other damages, including the following: lost wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset and distress, and property damage.[6] Defendants additionally assert that, "[P]laintiff's counsel has represented that [P]laintiff requires an 'ACF' (anterior cervical fusion surgery) per the recommendation of his treating providers."[7]

Moreover, Defendants compare Plaintiff's claims to those asserted in *Gebbia v. Wal-Mart Stores, Inc.*, where the plaintiff alleged injuries to the plaintiff's wrist, left knee and patella, and upper and lower back.[8] Defendants aver that in *Gebbia*, the Fifth Circuit affirmed the district court's denial of a motion to remand on the basis that it was facially apparent from the petition that the jurisdictional minimum had been met, and that here too, it is facially apparent.[9]

Furthermore, Defendants assert, Plaintiff's medical treatment is ongoing, and at the time

---

[4] Rec. Doc. 1-4. Defendants subsequently settled with Plaintiff Jermaine Hill, and they do not address Jermaine Hill's injuries in their memorandum in support of diversity jurisdiction. *See* Rec. Doc. 5.

[5] Rec. Doc. 1.

[6] Rec. Doc. 5 at 5.

[7] *Id*.

[8] 233 F.3d 880 (5 Cir. 2000).

[9] *Id*. at 2–3.

2

of removal, Plaintiff had incurred at least $10,703.14 in past medical expenses.[10] Defendants also provide a summary of Plaintiff's medical treatment since November 1, 2016, including diagnosis of a disc herniation, prescription of pain medication, an MRI scan, injections, and recommendation that plaintiff undergo an anterior cervical discectomy with cervical disk arthroplasty.[11]

Defendants cite three district court cases—in the Eastern, Middle, and Western Districts of Louisiana—where, Defendants assert, the injuries were similar to those incurred by Plaintiff in this case, and in each of those cases, Defendants assert, the court found that the jurisdictional requirement had been met.[12] Defendants cite three additional state court cases "involving similar injuries," where the courts awarded general damages in excess of $75,000.[13]

Finally, Defendants cite *Fernandez v. Allstate Ins. Co.*, a district court case in the Eastern District of Louisiana, to support the argument that "plaintiff's refusal to stipulate that his damages do not exceed the jurisdictional minimum is one factor to be considered in determining whether the jurisdictional minimum is met."[14]

## II. Applicable Law

A defendant may generally remove a civil action filed in state court if the federal court has

---

[10] *Id*. at 3.

[11] *Id*. at 6–7.

[12] *Id*. at 3–4 (citing *McDonald v. Target Corporation of Minnesota*, Civ. A. No. 11–598, 2011 WL 2160495 (E.D. La. Jun. 1, 2011); *Robinson v. K-Mart Corp.*, No. 11–12–RET–DLD, 2011 WL 2790192 (M.D. La. Apr. 28, 2011); and *Gradney v. Dixie Partners IV, L.P.*, No. 2:14 CV-01069, 2014 WL 3891367 (W.D. La. Aug. 8, 2014)).

[13] *Id*. at 4–5 (citing *Jackson v. CSX Transp., Inc.*, No. 97–CA–0109. (La. App. 4 Cir. 12/23/97); 712 So.2d 514; *Wood v. Subsea Intern., Inc*., No. 99-CA-1320 (La. App. 4 Cir. 3/29/00); 766 So.2d 563; and *Davis v. Kreutzer*, No. 93-CA-1498 (La. App. 4 Cir. 2/25/94); 633 So.2d 796).

[14] *Id*. at 2 (citing 2008 WL 314405 (E.D. La. 2008)).

original jurisdiction over the action.[15] The removing party bears the burden of demonstrating that federal jurisdiction exists.[16] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[17]

The Supreme Court has stated, "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."[18] Thus, if a plaintiff claims that he is seeking a sum less than $75,000, the burden is on the defendant to show that the plaintiff's claim was not made in good faith for the purpose of establishing that jurisdiction is proper in federal court.[19]

Likewise, under Fifth Circuit law, when the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[20] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[21] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[22]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit

---

[15] *See* 28 U.S.C. § 1441(a).

[16] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[18] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

[19] *Id*.

[20] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[21] *Id.*

[22] *Id.*

requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[23] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[24] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[25] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[26]

### III. Analysis

Defendants argue that (1) it is facially apparent from the petition for damages that Plaintiff's claims exceed $75,000; (2) the nature of Plaintiff's injuries and medical costs, as well as damages awarded in comparable cases, establish that Plaintiff's claims exceed $75,000; and (3) Plaintiff's failure to stipulate that his claims are not less than $75,000 establishes that the jurisdictional requirement is met.

Defendants first argue that as in *Gebbia*, it is facially apparent from the petition in this case that the jurisdictional minimum is met. However, in the December 22 Order, the Court explained why, here, it was not facially apparent from the petition for damages that the requisite amount is

---

[23] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[24] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[25] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[26] *Allen*, F.3d at 1335.

5

met.[27] Moreover, *Gebbia* is distinguishable from the facts of this case.[28] In *Gebbia*, the plaintiff filed a motion to remand after pre-trial discovery claiming that "due to continuous medical treatment of her injuries, Plaintiff was unable to confirm the amount of damages claimed."[29] On appeal, the Fifth Circuit stated that "once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."[30] The Fifth Circuit found that it was facially apparent from the plaintiff's original petition that the claimed damages exceeded $75,000.[31] The Fifth Circuit noted that the plaintiff alleged that she sustained injuries to her right wrist, left knee, left patella, upper back, and lower back.[32]

*Gebbia* is not a quantum study regarding the amount of damages awarded for particular injuries; it merely stands for the proposition that the amount in controversy was facially apparent in *that* case and subsequent events that reduced the amount in controversy did not divest the court of jurisdiction. Furthermore, in this case, Plaintiff Freddie Cosey alleges only that he suffered a cervical disc herniation, and this Court has already determined that it is not facially apparent that the amount in controversy exceeds $75,000. Accordingly, because it is not facially apparent that the amount in controversy is met, Defendants must set forth facts in controversy that establish that Plaintiff's claims exceed $75,000.

---

[27] Rec. Doc. 4 at 3.

[28] *Gebbia,* 233 F.3d 880.

[29] *Id.* at 882.

[30] *Id.* at 883 (internal citations omitted).

[31] *Id.*

[32] *Id.*

The only additional facts set forth by Defendants in the "Memorandum in Support of Diversity Jurisdiction" are Plaintiff's past medical expenses totaling at least $10,703.14, as well as a description of Plaintiff's medical treatment. With respect to future medical costs, Defendants assert that Plaintiff was recommended to undergo an anterior cervical discectomy with cervical disk arthroplasty, but do not provide the cost of this procedure. Defendants further state that Plaintiff's medical treatment is ongoing, but do not provide any evidence as to an assessment of future costs.

Defendants additionally cite three district court cases that Defendants assert involved similar injuries, holding that the jurisdictional requirement was met.[33] However, those cases are not binding on this Court, and in each case, the court relied on facts in the record, including the plaintiff's medical records, in determining that the plaintiff's claims exceed $75,000.[34] In this case, Defendants do not state explicitly what additional medical costs Plaintiff is likely to incur or cite to any specific evidence in the record that would establish potential future medical costs based on the nature of Plaintiff's injuries. Moreover, Defendants do not set forth facts indicating that Plaintiff's past or future medical costs total more than $10,703.14.

Furthermore, Defendants do not provide specifics as to any other claim for damages alleged by Plaintiff that would establish that the amount in controversy requirement is met. Defendants

---

[33] Rec. Doc. 5 at 3–4 (citing *McDonald*, 2011 WL 2160495; *Robinson*, 2011 WL 2790192; and *Gradney*, 2014 WL 3891367).

[34] *McDonald*, 2011 WL 2160495 at *1 (citing record evidence reflecting the nature of plaintiff's injuries in determining that the defendant had met its burden to show that the jurisdictional minimum exists); *Robinson v. K-Mart Corp.*, 2011 WL 2790192 at *4 (M.D. La. 2011) (citing record evidence revealing that the plaintiff "suffered multiple herniated discs, that may require surgery in the future, cervical radiculopathy, cervical strain, cervical spondylosis, shoulder strain, and injuries to her head, shoulder, arm" in determining that it was more probable than not that the jurisdictional requirement was met; and *Gradney v. Dixie Partners IV, L.P.*, 2014 WL 3891367 (W.D. La. 2014) (holding that "[t]he medical records support Dixie's assertion that the amount in controversy is present").

cite to a string of Louisiana state court cases to demonstrate that courts have awarded general damages in excess of $75,000 in cases where, Defendants argue, the plaintiff suffered similar injuries.[35] However, the burden is on "the removing defendant [to] prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[36] By pointing to cases where plaintiffs recovered general damages in excess of $75,000, Defendants have merely exemplified the amount in damages that Plaintiff could recover; yet, Defendants wholly ignore cases involving similar injuries where plaintiffs received general damages less than $75,000.[37] Moreover, Defendants' comparative exercise only suggests that a range of general damages exists for cases involving similar injuries, with a low end that is less than $75,000 and a high end that is more than $75,000. To the extent "[t]he Fifth Circuit has explained a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard," Defendants' speculation of general damages that Plaintiff could recover is insufficient to establish subject matter jurisdiction.[38]

Last, Defendants' argument that Plaintiff's failure to stipulate that his damages are less than $75,000 establishes that their damages exceed $75,000 is unavailing. The burden on Defendants "to produce information" that the amount in controversy exceeds $75,000 is an

---

[35] Rec. Doc. 5 at 4–5 (citing *Jackson*, 712 So.2d 514; *Wood*, 766 So.2d 563; and *Davis*, 633 So.2d 796).

[36] *Gebbia*, 233 F.3d at 882.

[37] *See, e.g., Nguyen v. Grafton*, 2007-0046 (La. App. 4 Cir. 6/27/07), 962 So. 2d 488), 490 (holding that trial court's award of general damages in the amount of $35,000 to plaintiff who suffered two herniated cervical discs was not an abuse of discretion; *see also, e.g.*, *Payne v. Fimiano*, 4642 (La. Ct. App. 5/12/86); 489 So. 2d 332, 335 (holding that $55,000 in general damages to plaintiff who suffered a herniated disc was proper); *see also, e.g., Rehm v. Morgan*, 04-344 (La. App. 5 Cir. 10/26/04); 885 So. 2d 687, 693 (holding that $150,000 award of general damages to plaintiff who suffered a herniated disc was excessive and reduced the award to $50,000).

[38] *Lee v. Standard Fire Ins. Co*., No. CV 17-1088, 2017 WL 2983234, at *4 (E.D. La. July 7, 2017) (Brown, J.) (citing *Allen,* 63 F.3d at 1336).

"affirmative" one.[39] Moreover, the Fifth Circuit has made clear that Plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [Defendants] of [their] burden to support federal jurisdiction at the time of removal."[40]

## IV. Conclusion

For the reasons stated above, Defendants have not met their burden of establishing that the actual amount in controversy exceeds $75,000. Thus, it appears based on the facts and evidence at the time of removal, this Court lacks subject matter jurisdiction over this action. Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to the Civil District Court for the Parish of Orleans, Louisiana.

**NEW ORLEANS, LOUISIANA**, this  9th  day of February, 2018.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Simon*, 193 F.3d at 851 (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000." (internal citation and quotation marks omitted)).

[40] *Id*.